## HONG SING v. WOLF FEIN.

(City Court of New York, General Term. January 3, 1901.)

1. DISPOSSESSION PROCEEDING—AVERMENT OF POSSESSION—ESTOPPEL TO DENY.
   Plaintiff, in his petition in proceedings to dispossess defendant, having alleged that he was the owner and landlord, at the time, of the premises in question, is thereby estopped to deny such fact in an action for unlawful eviction.
2. SAME—ILLEGAL EVICTION—MEASURE OF DAMAGES.
   Where a lessee was illegally dispossessed under a warrant issued in a proceeding for that purpose, he is entitled to recover from plaintiff in such proceeding his loss of profits during the remainder of the term, the testimony of the officer who served the warrant that he received it from plaintiff's attorney being undisputed.
3. SAME—TREBLE DAMAGES—ASSESSMENT—QUESTION FOR COURT.
   Under the statute entitling to treble damages a lessee, successful in an action for an illegal eviction, the proper practice is for the jury to find single damages, and for the court to treble them in a proper case.

Appeal from trial term.

Action by Hong Sing against Wolf Fein. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed on condition.

Argued before FITZSIMONS, C. J., and O'DWYER and HASCALL, JJ.

Wm. Klingenstein, for appellant.
Stilman F. Kneeland, for respondent.

PER CURIAM. The defendant averred in his petition in the dispossess proceeding that he was the owner and landlord of the premises at the time, and he is now estopped from denying that fact. The proceeding was instituted by him, and defendant, illegally and in a forcible manner, dispossessed under the warrant issued therein.

The warrant, so far as this plaintiff is concerned, was subsequently vacated. That the defendant procured the services of the marshal in executing the warrant cannot be questioned. The defendant's witness Comisky testified:

"I am one of the marshals of the city of New York, and was such marshal on the 8th day of March, 1899. I know the plaintiff, Hong Sing, and remember dispossessing the plaintiff from the premises No. 220 Madison street pursuant to a warrant, of which plaintiff's Exhibit 2 is a copy, issued to me by the clerk of the municipal court, Fifth district, and which was given to me by Mr. Katz, the attorney acting for the petitioner (the defendant)."

Although the defendant became a witness in his own behalf, he did not question the testimony of this witness. The court correctly ruled that the plaintiff was entitled to recover his loss of profits during the remainder of the term under the lease. Snow v. Pulitzer, 142 N. Y. 263, 36 N. E. 1057, and Schile v. Brokhahus, 80 N. Y. 614.

In charging the jury the court said:

"Therefore the question comes down to this: What is the plaintiff's damage? Under the section of the Code referred to which is in its nature penal, it says that he shall be entitled to treble damages. * * * The damage is the difference between the amount of the rent agreed to be paid by the lease and the real value of the use and enjoyment of the premises during the term that the lease ran. You must determine what that amount is to be from the evidence in the case only. Then, under the statute, you treble that amount, and bring in your verdict for the full amount."

The jury returned a verdict for $1,875, and it is apparent from the evidence, and the plaintiff's allegations in his complaint of the value of the remainder of the term, and of his damage by reason of being deprived thereof, that the jury have awarded treble the damages they found plaintiff had sustained. It was error to instruct the jury that it was their duty under the statute to bring in a verdict for treble damages. The practice is for the jury to find single damages, and for the court, under the statute, to treble them in a proper case. Marchand v. Haber, 16 Misc. Rep. 322, 37 N. Y. Supp. 952.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event, unless the plaintiff within 10 days stipulates to reduce the judgment to $625, damages and costs; in which event the judgment will be affirmed, without costs.

---

LIGHT et al. v. FISHEL.

(City Court of New York, General Term. January 3, 1901.)

APPEAL—VERDICT—WEIGHT OF EVIDENCE—REVERSAL.

An order granting a new trial on the ground that the verdict is against the weight of evidence will not be reversed on appeal in the absence of a showing that the granting of the same was an abuse of the trial court's discretion.

Appeal from special term.