*1061 OPINION OF THE COURT
Burton S. Sherman, J.
On this motion the court had the benefit of oral argument. Plaintiff seeks in this posttrial application an order directing the court to enter a judgment for treble damages after a jury found compensatory damages in his favor in the sum of $25,000 in an action for wrongful eviction. It is plaintiff’s position that RPAPL 853, as amended, mandates the court to grant such relief. Thus, plaintiff now seeks an award of $75,000.
In the action plaintiff pleaded, besides compensatory damages, common-law punitive damages without specifying his statutory claim for tremble damages under RPAPL 853. However, as pleadings are liberally construed, this failure is not fatal to this present application (Maracina v Shirrmeister, 105 AD2d 672). Nor does the fact that the common-law punitive damage claim was dismissed by the trial court, as a matter of law, render this motion dismissible. First of all, the issue of treble damages was not raised or considered, and secondly, the issue of the amount of statutory damages (RPAPL 853) is only to be determined by the court after the jury renders a verdict as to compensatory damages (Hong Sing v Fein, 33 Misc 608). Thus, the court can always cure its previous disposition as to treble damages in a posttrial motion if such is indicated “in a proper case.” (Hong Sing v Fein, 33 Misc 608, 609, supra.)
The facts of the wrongful eviction were determined in the Civil Court when landlord’s nonpayment proceeding was dismissed as jurisdictionally defective after default judgment had been reopened. No appeal was taken and plaintiff was thereafter reinstated to his apartment. As this determination constituted a collateral estoppel (Maracina v Shirrmeister, 105 AD2d 672, supra), the instant jury trial was in effect an assessment of damages for such wrongful eviction. However, evidence was permitted as to the issue of punitive damages, although, as previously stated, dismissed and not submitted to the jury.
The jury returned a verdict against the defendant landlord for compensatory damages based upon interrogatories in the sum of approximately $25,000. This is the amount which the plaintiff now seeks to be trebled.
RPAPL 853 evolved from criminal law statutes for wrongful eviction into a civil proceeding with treble damage sanctions. (Code Civ Pro § 1669; Real Property Law former § 535; Nichols *1062 v Eustis, 146 App Div 475.) It was presently enacted under the consolidation of real property laws in 1962 and amended in 1981. (L 1981, ch 467, § 2.) It states: "If a person is disseized, ejected, or put out of real property in a forcible or unlawful manner, or, after he has been put out, is held and kept out by force or by putting him in fear of personal violence or by unlawful means, he is entitled to recover treble damages in an action therefor against the wrong-doer.”
It is the italicized which was added in 1981, and which plaintiff now claims entitled him to treble damages.
This court is unable to find a case where treble damages were awarded as mandatory under the aforesaid statute or its predecessors. Indeed, although there has been no contrary pronouncement, the cases seem to indicate, or at least hint, that the issue of treble damages is discretionary. Thus, in Myer v Sea Beach Ry. Co. (43 App Div 573 [2d Dept 1899]), in a wrongful eviction case the jury returned a verdict in favor of the tenants in the sum of $2,500. A judgment for treble in that amount was entered pursuant to section 1669 of the Code of Civil Procedure. On appeal, while questioning the proof of compensatory damages, the court stated (at 578): "But we think justice will be subserved by a reduction of the verdict instead of a reversal of the judgment. If the plaintiff consents to a reduction of the verdict to $2,500, the judgment will be affirmed.”
In I.H.P. Corp. v 210 Cent. Park S. Corp. (16 AD2d 461 [1st Dept 1962]), the question presented was whether punitive damages could be awarded in an injunction action arising out of a landlord/tenant dispute. The trial court had awarded compensatory and treble damages. The Appellate Division reduced the compensatory damages award, and thereby reduced the award for treble damages. In so doing, Justice Breitel stated (at 467): "There is no rigid formula by which the amount of punitive damages is fixed, although they should bear some reasonable relation to the harm done and the flagrancy of the conduct causing it (14 N. Y. Jur., Damages, § 188). In the present case, a total award of three times the amount of actual damages is deemed proper. This accords with the statutory provision for treble damages in actions for forcible entry or detainer (Real Property Law, § 535), which is an appropriate analogue.”
Lastly, in Maracina v Shirrmeister (105 AD2d 672 [1st Dept 1984], supra), the court granted partial summary judgment in *1063 a wrongful eviction case. In setting the matter down for an assessment, the court stated (at 673): "RPAPL 853 now authorizes a cause of action for ejectment from real property which has occurred in an 'unlawful manner’ or by 'unlawful means’ * * * Moreover, wrongful eviction is not purely a statutory cause of action * * * At any rate, the issue of the punitive and compensatory damages and legal fees, if any, to which plaintiffs are entitled is a matter to be resolved on an assessment of damages.”
The majority of statutes in New York where treble damages are awarded are permissive and not manadatory. (McKinney’s Uncons Laws of NY § 8632 [Emergency Tenant Protection Act § 12; L 1974, ch 576, § 4, as amended]; CCA 1810; Civil Rights Law § 26; RPAPL 861; General Business Law §§ 734, 396-u.) This is in keeping with the general common-law view that the awarding of punitive damages is not mandatory but discretionary with "the dispenser of justice.” (Reynolds v Pegler, 123 F Supp 36, 39, affd 223 F2d 429, cert denied 350 US 846.) In those few New York statutes where the imposition of treble damages is mandatory, it is clearly stated. Such peremptory words as "shall” (Town Law § 324), "shall be liable” (Indian Law § 28), "shall * * * forfeit” (Highway Law § 320) are employed. This is different from the language in RPAPL 853, which states that a wronged tenant "is entitled to recover treble damages”. "Entitled” is not a word of art. It is meant to be procedural not substantive. For in the memorandum accompanying the amendment in 1981, it states that the purpose of such amendment is "to provide procedural remedies for tenants unlawfully evicted from their homes.” (Mem of Assemblyman Richard N. Gottfried, 1981 NY Legis Ann, at 256.) Even, assuming that the language in section 853 is peremptory, such language is not controlling. "Peremptory words in a statute will be given a permissive interpretation where the manifest intent of the Legislature is that the provision should be given such an effect” (McKinney’s Cons Laws of NY, Book 1, Statutes § 177 [c]). "Such a construction is frequently employed in connection with statutes affecting judicial duties where a contrary interpretation would foreclose all judicial discretion.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 177 [c], at 351.) Lastly, again assuming the statute is ambiguous, the law is that "[i]n construing a statute which is ambiguous the construction to be adopted is the one which will not cause objectionable results.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 141.) It is moreover important from *1064 a policy point of view that before the draconian imposition of treble damages be made, it be reviewed by "the dispenser of justice” (Reynolds v Pegler, 123 F Supp 36, 39, supra). The court concludes that the awarding of treble damages under RPAPL 853, as amended, is permissive and not mandatory.
The facts on the trial indicated that the plaintiff tenant, although well educated, intelligent and sensitive, was most haphazard in the management of his everyday affairs. This may have been the result of a drinking problem. Although financially solvent, he was often in rental arrears for several months. When the underlying nonpayment proceeding was started in the Civil Court, he was delinquent or, at least, it was reasonable for the landlord to so believe. While there was a mailbox in the building, which he claimed was broken, he maintained his own rental mailbox in a store. An inference could well be drawn that the failure of service or the failure of notice after the default judgment was the result of his use of this other mailbox. While the resultant eviction was jurisdictionally defective and, hence, unlawful, the fact remains that there was no showing that the landlord used force or violence. There was no showing of harassment. There was no showing that the landlord was attempting to evict unlawfully the plaintiff for economic gain. A law firm was hired to bring the summary proceeding. The plaintiff was immediately restored to his apartment after it was determined that the eviction was improper. It would appear that all the litigation which transpired in this court and the Civil Court could have been avoided if the solvent plaintiff had not been negligent in rent payments over a long period of time. Written interrogatories were presented to the jury as to compensatory damages and he was handsomely rewarded. An award of treble damages in these circumstances is not indicated and would be excessive. On the facts and in the exercise of discretion, the motion is denied. All other requests for post-trial relief were considered by the court and are denied.
The motion seeking treble damages from defendants Liffy Movers and Warehouse No. 1 is denied. The relationship between plaintiff and these defendants was that of bailment. Even if defendants were subject to the provisions of RPAPL 853, there was no showing made for the granting of punitive or statutory damages.