■ PAPA GINO'S OF AMERICA, INC., Appellant, v PLAZA AT LATHAM ASSOCIATES, Respondent, et al., Defendants.—Yesawich, Jr., J. Appeal from that part of an order of the Supreme Court (Conway, J.), entered April 5, 1988 in Albany County, which denied plaintiff's motion for partial summary judgment on its third cause of action.

The facts underlying this action were set out on a previous appeal (see, 135 AD2d 74). The question now before us is whether this court's affirmance of summary judgment previously granted on plaintiff's second cause of action, which sought specific performance of a restrictive lease covenant prohibiting rental of store premises to one whose main business is the sale of pizza, constrains the courts, under the doctrine of law of the case, to grant plaintiff summary judgment on the issue of the liability of defendant Plaza at Latham Associates (hereinafter defendant) on the third cause of action, which seeks compensatory damages for breach of contract. Those damages were allegedly occasioned by defendant's rental of shopping mall premises to Little Anthony's Pizza in mid-1984.

In its motion for summary judgment, plaintiff also sought leave to join the principals of Ario's Pizza, Inc., a restaurant defendant leased mall premises to in 1986, some six months after commencement of the instant action, as party defendants; to serve a supplemental summons and amended complaint directed to Ario's Pizza; and, upon joinder of issue, to have the matter proceed to trial. Supreme Court granted plaintiff the joinder and the related relief it sought, but denied plaintiff summary judgment on its third cause of action. Because our earlier finding that defendant was in violation of the restrictive lease covenant (see, supra, at 76) was essential to the determination of the previous appeal and not merely obiter dictum (see, Siegel, NY Prac § 448, at 593; §§ 464, 465, at 614-615), we are of the view plaintiff should be awarded summary relief.

In its second cause of action the remedy plaintiff elected to pursue and obtained was that of specific performance. It is elemental that an action for specific performance lies only when there has been a breach or repudiation of the contract's terms (see, 11 Williston, Contracts § 1290, at 2-5; § 1418). That being so, it has necessarily been judicially determined that defendant breached the restrictive covenant when it leased premises to Little Anthony's Pizza and, since the time to appeal that determination has expired, that is the law of the case (see, Bolm v Triumph Corp., 71 AD2d 429, 434, lv dismissed

*sub nom. Bolm v Birmingham Small Arms* 50 NY2d 801); summary judgment in plaintiff's favor is therefore appropriate on the issue of liability for the third cause of action.

Order modified, on the law, with costs to plaintiff against defendant Plaza at Latham Associates by reversing so much thereof as denied plaintiff's motion for partial summary judgment; motion granted and summary judgment granted to plaintiff on the issue of liability on its third cause of action; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.