*548 OPINION OF THE COURT
Harold Baer, Jr., J.
Plaintiff moves for summary judgment on the first cause of action in the complaint. Defendant Hartford Insurance Company (Hartford) cross-moves for summary judgment dismissing the complaint.
Plaintiff was the property manager of an apartment house in Brooklyn. Hartford issued a general liability insurance policy on the owner of the building and on its manager. In March 1984, one Betty Rocke sued plaintiff and others for an alleged illegal eviction. Hartford defended plaintiff. Rocke succeeded at trial and the judgment was affirmed on appeal. Hartford paid part of the judgment but refused to pay a portion that it deemed a penalty under RPAPL 853. That section provides as follows: "If a person is disseized, ejected, or put out of real property in a forcible or unlawful manner, or, after he has been put out, is held and kept out by force or by putting him in fear of personal violence or by unlawful means, he is entitled to recover treble damages in an action therefor against the wrongdoer.” Plaintiff paid the balance of the judgment. In its first cause of action in this case, plaintiff seeks recovery of the sum paid. The issue presented is whether public policy bars insurance indemnification for damages under RPAPL 853 in the circumstances of this case.
The public policy of New York prohibits insurance indemnification for punitive damages, whether the foundation for the award is intentional conduct, gross negligence, recklessness, wantonness or conscious disregard of the rights of others. (Home Ins. Co. v American Home Prods. Corp., 75 NY2d 196 [1990].) Punitive damages of course are imposed for morally culpable or evilly motivated conduct. The purpose is to punish the individual wrongdoer and to deter others. (Walker v Sheldon, 10 NY2d 401 [1961].)
Plaintiff argues that damages under RPAPL 853 and punitive damages are distinct, not duplicative. Treble damages, plaintiff asserts, may be awarded simply as an administrative exaction, even when, as here, the defendant did not act with the moral culpability or evil design that justify punitive damages. Damages under RPAPL 853 may be awarded when the eviction is done by force but also when, as in this case, it was merely unlawful. Had the Legislature wished to prohibit insurance coverage of RPAPL 853 damages, plaintiff urges, it knows how to achieve that end. (Cf., Workers’ Compensation Law § 14-a.)
*549 In my judgment, precision in the use of language mandates that treble damages under RPAPL 853 be distinguished from punitive damages. As Justice Spatt pointed out in Lyke v Anderson (147 AD2d 18, 27-31 [2d Dept 1989]), multiple damage statutes and common-law punitive damages each provide for a penal award. Punitive damages, however, "are a different kind of a penal award” and are "more difficult to obtain” (147 AD2d, at 28, 29) than treble damages under RPAPL 853. RPAPL 853 was expanded in 1981 in order to bring within the reach of the statute evictions that are merely unlawful, unaccompanied by the use of force. Prior thereto, such damages had been available only in instances of the use of illegal force. (Mem of Assemblyman Gottfried, 1981 NY Legis Ann, at 256.) Even though, as Lyke itself holds, the award of treble damages under RPAPL 853 is discretionary (see also, Mannion v Bayfield Dev. Co., 134 Misc 2d 1060 [Sup Ct 1987]), the basis for an award may be conduct that falls short of that which would be required for an award of punitive damages. The two types of damages are penal in nature because "they are designed to punish and to deter, [but] they are two separate types of penal damages, not equal nor duplicative” (Lyke v Anderson, 147 AD2d, at 30).
The posttrial decision of the Civil Court in this case was in error in striking the award of punitive damages because it was "duplicatory [sic]” of the award under RPAPL 853. As Lyke (supra) states, it is possible to have a situation in which both treble and punitive damages are warranted. (See, Bianchi v Hood, 128 AD2d 1007 [3d Dept 1987].) In that case, the building management company was held liable under RPAPL 853 for having unlawfully evicted the plaintiff, but the Judge also concluded that the company lacked the "requisite intent or recklessness” necessary to hold it liable for intentional infliction of emotional distress. Punitive damages were not duplicative as a matter of law but were not justified on the facts. This, I believe, is precisely the approach taken by the Appellate Division in this case. The First Department did not accept the Trial Judge’s duplication theory. Rather, it held that the record supported an award of damages under RPAPL 853 "but not an award of damages for intentional infliction of emotional distress, or of punitive damages, in addition to treble damages.” (Rocke v 1041 Bushwick Ave. Assocs., 169 AD2d 525 [1st Dept 1991].) If punitive damages are always duplicative of RPAPL 853 damages, the Court would not have worded its decision as it did, pointing to the record (and the *550 absence of wrongful intent) rather than concluding that the law did not support an award of punitive damages.
The question presented by this case, therefore, is whether that which treble damages under RPAPL 853 have in common with punitive damages requires that the former be treated like the latter insofar as insurance indemnification is concerned, or whether the difference between the two forms of penal damages necessitates a different approach. A nice question. To answer it, one needs to look closely but briefly at the rationale that drives the law on insurance indemnification of punitive damages.
The ideas embodied in the law on this subject were, as usual, well stated by Judge Meyer in Hartford Acc. & Indem. Co. v Village of Hempstead (48 NY2d 218, 226-227 [1979]): "The strongest arguments against coverage are that it defeats the purpose of punitive damages, which is to punish and to deter others from acting similarly, and that allowing coverage serves no useful purpose since such damages are a windfall for the plaintiff who, by hypothesis, has been made whole by the award of compensatory damages. To allow coverage, it is said, passes on to other premium payers the punishment intended for the defendant”. Punitive damages are allowed to a plaintiff not because of any damages suffered by the plaintiff, but as the expression of the condemnation of the community, a kind of hybrid of outrage and imposition of a criminal fine. (Home Ins. Co. v American Home Prods. Corp., supra, 75 NY2d, at 203; see also, Public Serv. Mut. Ins. Co. v Goldfarb, 53 NY2d 392 [1981].)
Damages under RPAPL 853 are trebled in order to punish and deter. Assemblyman Gottfried explained that "[i]t is little comfort to the tenant — usually poor and not well-educated— that he has the theoretical right to sue for damages.” (1981 NY Legis Ann, at 256.) Clearly the Legislature intended to compound the damages in order to discourage resort to wrongful evictions by landlords and to punish severely those who engage in such conduct. The fact is that as between landlord and tenant there is a vast disproportion of power that calls for especially vigilant protection of the frequently powerless tenant. The damages are a reflection of ethical indignation and a sort of fine. Allowing insurance coverage would weaken the deterrent and water down the punishment. Further, it would be unjust, perhaps even absurd, to allow a landlord to pass on to its insurance company, to say nothing of other purchasers *551 of insurance, part of the punishment intended for it. Insofar as damages under RPAPL 853 are penal, public policy bars insurance indemnification for them. (See, Avis Rent A Car Sys. v Liberty Mut. Ins Co., 203 Conn 667, 526 A2d 522 [1987]; cf., Cieslewicz v Mutual Serv. Cas. Ins. Co., 84 Wis 2d 91, 267 NW2d 595 [1978]; California Shoppers v Royal Globe Ins. Co., 175 Cal App 3d 1, 221 Cal Rptr 171 [1985]; Town of New Castle v Yonkers Contr. Co., 796 F Supp 112 [SD NY 1992]; Ethicon, Inc. v Aetna Cas. & Sur. Co., 737 F Supp 1320 [SD NY 1990].)[1] My conclusion in this case involving the special territory of landlord and tenant does not, however, mean that a like outcome necessarily would obtain in every action with respect to statutory multiple damages. Since the damages suffered by the tenant, though substantial to the tenant, are apt to be relatively small, arising in cases usually brought by only one person or family, the landlord cannot seriously contend that an RPAPL 853 award would be overwhelming. (Hartford Acc. & Indem. Co. v Village of Hempstead, supra, 48 NY2d, at 228.)
The fact that intent of the kind required to award punitive damages is not necessary to obtain an RPAPL 853 award does not bring about a different result. The cases dealing with punitive damages address the intent element because that element is fundamental to the identity of that form of damages. Such damages are theoretically available by common law in a wide array of cases. The element of intent is used to single out those cases in which an award is appropriate from those in which it is not. RPAPL 853, on the other hand, covers a narrow field. It is the product of a determination by the Legislature that the wrong is egregious and needs to be punished and deterred. The Legislature’s decision to create a penal award in these cases in the absence of deliberate or other like intent reflects the public condemnation of this serious conduct. Inasmuch as the landlord will be liable only after it evicts the tenant intentionally (that is, intending to cause eviction though perhaps not desiring to impose a wrong *552 fui injury on the tenant) and not merely negligently, it is not unjust or unduly burdensome to bar insurance coverage.[2]
The fact that the Legislature has not chosen expressly to bar insurance indemnification is not decisive. Indeed, probably it is the result of inadvertence, not conscious choice. The Legislature, of course, can always modify RPAPL 853 if it concludes that my decision is unwise.
Although punitive damages are by definition completely distinct from compensatory damages at common law, there is a combination of the penal and the compensatory in damages under RPAPL 853. As reflected clearly in the posttrial decision in this case, actual damages are determined by the trier of fact in these cases and then trebled. Two thirds of an award under RPAPL 853 are therefore penal. In my judgment, in a case such as this one, in view of the rationale behind the public policy against insurance indemnification, the compensatory one third ought to be indemnifiable whereas the penal two thirds is not.
Accordingly, the motion and cross motion are granted in part and denied in part.

. It has been held that indemnification of antitrust treble damages is permissible. In part, it is true, this has been due to the absence of malice or bad faith as an element of an antitrust action. Also relevant, though, is the consideration that treble damages are intended to counterbalance the extreme difficulty of conducting an antitrust litigation. (Ethicon, Inc. v Aetna Cas. & Sur. Co., supra, 737 F Supp, at 1335-1336.) An illegal eviction case, by contrast, is a very simple matter, although often one between David (a poor and ignorant David to boot) and Goliath.

. Other cases focus upon the existence of intent to cause injury but in a context of a claim of civil liability arising out of a criminal act. (E.g., Public Serv. Mut. Ins. Co. v Goldfarb, supra; Messersmith v American Fid. Co., 232 NY 161 [1921] [Cardozo, J.].)