■ EDWARD MAYNARD et al., Respondents, v JOHN DECURTIS, Doing Business as TROY CABINET MANUFACTURING, et al., Appellants, and JAMES PULEO et al., Defendants and Third-Party Plaintiffs. NORMAN R. CARLSON, INC., Third-Party Defendant-Respondent. [676 NYS2d 340] —Mercure, J. Appeal from that part of an order of the Supreme Court (Ceresia, Jr., J.), entered December 12, 1997 in Rensselaer County, which partially denied a cross motion by defendants John DeCurtis and Troy Cabinet Manufacturing Division of Deakon Homes and Interiors, Inc. for summary judgment dismissing the complaint against them.

Plaintiff Edward Maynard (hereinafter plaintiff) sustained the injuries forming the basis for this action in a November 12, 1993 workplace accident at the residence of defendants James Puleo and Evelyn Puleo. Employed by a tile subcontractor in connection with renovation work that was being performed on the site, plaintiff tripped and fell when he stepped in a hole on the Puleos' lawn or on a worn pathway that workers were using to traverse the lawn. On the present appeal, defendant John DeCurtis (hereinafter defendant), alleged to have been the general contractor on the job, challenges Supreme Court's denial of so much of his summary judgment motion as was directed at plaintiffs' claim of liability under Labor Law § 241 (6).

We conclude that plaintiffs failed to oppose defendant's prima

facie showing with evidence raising a genuine factual issue as to defendant's liability under Labor Law § 241 (6) and that Supreme Court accordingly erred in denying that part of the motion. In our view, 12 NYCRR 23-1.7 (e) (1),* the sole industrial regulation relied upon by plaintiffs, had no arguable application to the facts of this case. First, we agree with Supreme Court that there is no competent evidence connecting plaintiff's injuries to a 30 to 40-foot-wide roadway that extended to the rear of the house or to an adjacent "safety ramp". Even if either of those areas could be properly characterized as a "passageway" (a proposition that we seriously question but need not resolve), the fact remains that plaintiff's own testimony placed him at least two or three steps distant from them at the time of his accident.

We are then left with the issue of whether an out-of-doors dirt pathway may as a matter of law constitute a "passageway" within the purview of 12 NYCRR 23-1.7 (e) (1), a question we very recently considered and resolved in the negative (*Gavigan v Bunkoff Gen. Contrs.*, 247 AD2d 750, *lv denied* 92 NY2d 804; *see, McGrath v Lake Tree Vil. Assocs.*, 216 AD2d 877; *Stairs v State St. Assocs.*, 206 AD2d 817). In the absence of an applicable regulatory provision, there is no basis for liability under Labor Law § 241 (6) (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505). Defendant's remaining contention need not be considered as it has been rendered academic by our determination to dismiss the complaint against him.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant John DeCurtis, by reversing so much thereof as partially denied defendant John DeCurtis' motion for summary judgment; motion granted, summary judgment awarded to said defendant and complaint dismissed against him; and, as so modified, affirmed.

---

* 12 NYCRR 23-1.7 (e) (1) provides: "All passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping. Sharp projections which could cut or puncture any person shall be removed or covered."