◼ Joseph J. O'Hara et al., Appellants, v Timothy Bishop et al., Respondents. [682 NYS2d 291] —Carpinello, J. Appeal from an order of the Supreme Court (Williams, J.), entered September 12, 1997 in Saratoga County, which, *inter alia*, granted defendant's cross motion for summary judgment dismissing the complaint.

Plaintiffs own property in the City of Saratoga Springs, Saratoga County, which they leased to defendants for a one-year period commencing on June 1, 1996. In September 1996, they commenced this action seeking damages for defendants' alleged breach of the lease, namely, their failure to pay rent. Following defendants' answer in which they denied plaintiffs' allegations and counterclaimed for an order declaring the lease to be in full force and effect, Supreme Court found that proper notice of default was not given to defendants and that, even if notice had been properly given, any default was cured. The court further found that plaintiffs' contention that defendants failed to pay rent was "incredible" and that defendants never surrendered the leased premises to plaintiffs. Significantly, no appeal was taken from this order. By amended counterclaim, defendants sought treble damages pursuant to RPAPL 853 for their unlawful and forceful ejectment from the subject premises. At issue on this appeal is the propriety of Supreme Court's subsequent order denying plaintiffs' motion for partial summary judgment dismissing the counterclaim for treble damages and granting defendants' cross motion for summary judgment dismissing plaintiffs' complaint.

Supreme Court did not err in denying plaintiffs' motion to dismiss defendants' treble damages counterclaim. Within days

of commencing this action, plaintiffs (without the benefit of a court order) removed all of defendants' possessions from the premises and prevented them from reentering it by placing a private security guard at the entrance and threatening to call the police if they attempted to do so. It was almost three weeks before defendants' belongings were returned and they were permitted to reenter. To the extent that plaintiffs are contending that an award of treble damages cannot be sustained absent a showing that physical force or violence was used in ejecting defendants from the premises, such contention is plainly without merit (*see, Lyke v Anderson*, 147 AD2d 18, 23-24; *Bianchi v Hood*, 128 AD2d 1007, 1008). To the extent that plaintiffs are contending that defendants suffered no damages which may be trebled, we find that defendants have sufficiently raised issues of fact warranting "an assessment of damages" by a jury (*see, Maracina v Shirrmeister*, 105 AD2d 672, 673; *Mannion v Bayfield Dev. Co.*, 134 Misc 2d 1060, 1061). Moreover, we note that even if defendants cannot establish actual damages as a result of their wrongful ejectment, they may nevertheless be entitled to nominal damages (*see, Long Is. Airports Limousine Serv. Corp. v Northwest Airlines*, 124 AD2d 711, 714).

Similarly unavailing is plaintiffs' contention that Supreme Court erred in dismissing their complaint. It has already been determined in an earlier decision on the merits that defendants did not breach the lease. Since the time to appeal this determination has expired, it is the law of the case (*see, Papa Gino's v Plaza at Latham Assocs.*, 144 AD2d 172, 172-173; *see generally, Pinapati v Pagadala*, 244 AD2d 676).

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the order is affirmed, with costs.