■ DENNIS SCOFIELD, Appellant, v TRUSTEES OF UNION COLLEGE et al., Respondents. [734 NYS2d 262] —Peters, J. Appeal from an order of the Supreme Court (Caruso, J.), entered August 23, 2000 in Schenectady County, which granted defendants' motion for summary judgment dismissing the complaint.

In a prior appeal in this case (267 AD2d 651), we affirmed the dismissal of a claim alleging a violation of Labor Law § 200 against a subcontractor who placed thousands of crushed stones in an open concrete area between an equipment trailer and the building where plaintiff was working. We found that the dangers posed by their presence were "readily observable" in light of plaintiff's 25 years of experience as a laborer, his familiarity with the type of stone used on this and other job sites and his admission to having noticed their presence when he "successfully traversed the [area] at least two times earlier that day" (id., at 652-653).

Following discovery, the remaining defendants, Trustees of Union College and A. J. Martini, Inc., the owner and general contractor, respectively, also moved for summary judgment. Supreme Court dismissed the Labor Law § 200 cause of action predicated upon our prior decision. It further dismissed claims alleging a violation of Labor Law § 241 (6) by finding that the sections of the Industrial Code upon which the claim was based were inapplicable. Plaintiff appeals.

We have iterated that "[w]here a court directly passes upon an issue which is necessarily involved in the final determination on the merits, it becomes 'the law of the case' " (Brown v State of New York, 250 AD2d 314, 320). When we affirmed the determination that the gravel at issue was "readily observable" to this plaintiff, such determination was essential to the dismissal of the Labor Law § 200 claim, "and not merely obiter dictum" (Papa Gino's v Plaza at Latham Assocs., 144 AD2d 172, 172; cf., Matter of McNamee, Lochner, Titus & Williams, 267 AD2d 919, 922); the doctrine of the law of the case therefore precludes further litigation of this issue (see, O'Hara v Bishop, 256 AD2d 983; Brown v State of New York, supra; Papa Gino's v Plaza at Latham Assocs., supra). Accordingly, Supreme Court properly dismissed the Labor Law § 200 claims against these defendants on that basis.

As to the dismissal of the cause of action under Labor Law § 241 (6) by a finding that the specifically enumerated provisions of the Industrial Code, to wit, 12 NYCRR 23-1.7 (e) (1) and (2), were inapplicable, again we find no error (see, Maynard v De Curtis, 252 AD2d 908; Gavigan v Bunkoff Gen. Contrs., 247 AD2d 750, lv denied 92 NY2d 804). Having previously determined that a temporary gravel roadbed is not "a passageway, walkway or other elevated working surface" (Lawyer v Hoffman, 275 AD2d 541, 542) and that "an out-of-doors worn dirt pathway is not a floor, platform, passageway or similar working surface within the purview of [12 NYCRR 23-1.7

(e) (1) and (2)]" (*Gavigan v Bunkoff Gen. Contrs.*, *supra*, at 751), we cannot conclude that this open concrete area between an equipment trailer and the building under construction comes within the purview of the cited regulations such that the dismissal of the Labor Law § 241 (6) claim was in error.

Accordingly, we affirm Supreme Court's grant of defendants' motion for summary judgment dismissing the complaint.

Mercure, J. P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.