■ JAMES MORAN, Appellant, v KATHLEEN ORTH, Respondent. [828 NYS2d 516]—

In an action, inter alia, to recover damages for wrongful eviction, the plaintiff appeals on the ground of inadequacy from a judgment of the Supreme Court, Nassau County (Winslow, J.), dated June 16, 2005, which, upon a jury verdict, is in favor of him and against the defendant in the principal sum of only $1,500.

Ordered that the judgment is modified, on the law, by increas-

ing the principal sum from $1,500 to $4,500; as so modified, the judgment is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment.

The plaintiff, James Moran, a cabinet maker, rented a garage space (hereinafter the premises) from the defendant, Kathleen Orth, on March 10, 2003. After moving his equipment into the premises, Moran visited the premises only sporadically. He subsequently failed to pay rent for the months of April and May 2003, and failed to contact Orth. Orth commenced two proceedings in the District Court, Nassau County, alleging nonpayment. The petitions in both proceedings were withdrawn because Orth had failed to properly serve Moran, and because each petition was defective in that each asked for more rent than was actually due.

Sometime between May 5 and 15, 2003 Moran attempted to enter the premises, and discovered that Orth had locked him out. Sometime in May 2003 Orth entered the premises, removed Moran's personal property, and had the personal property hauled away on May 20, 2003. Moran contacted Orth on or about May 28, 2003 and Orth told him that his property was gone and his security deposit had been forfeited. Moran subsequently brought this action against Orth, alleging, inter alia, wrongful eviction and conversion of property.

The trial court ruled that treble damages were not appropriate in this action, and that the issue of punitive damages would not be submitted to the jury. The jury found that Orth had wrongfully evicted Moran, and awarded Moran $1,500 in damages. On appeal, Moran contends that the damages verdict was inadequate, particularly that the trial court erred in refusing to award treble damages and in refusing to submit the issue of punitive damages to the jury. In addition, he argues that the award in the sum of only $1,500 was against the weight of the evidence. With respect to the damages verdict, Moran further argues that the trial court erred in making various evidentiary rulings.

"An error in a ruling of the court shall be disregarded if a substantial right of a party is not prejudiced" (CPLR 2002). Here, none of the errors alleged prejudiced Moran's substantial rights. Moreover, the cumulative effect of the alleged errors was not enough to deprive Moran of a fair trial (cf. Cotter v Mercedes-Benz Manhattan, 108 AD2d 173, 180 [1985]).

However, although "the awarding of treble damages pursuant to RPAPL 853 is discretionary" (Lyke v Anderson, 147 AD2d 18, 28 [1989]), the trial court improvidently exercised its discretion in failing to award treble damages under RPAPL 853.

RPAPL 853 provides: "If a person is disseized, ejected, or put out of real property in a forcible or unlawful manner, or, after he has been put out, is held and kept out by force or by putting him in fear of personal violence or by unlawful means, he is entitled to recover treble damages in an action therefor against the wrong-doer." Here, the record shows that Orth's unlawful eviction was not unintentional. Although Moran failed to pay rent, Orth was not entitled deliberately to resort to self-help. Orth locked Moran out of the premises for more than three months from mid-May 2003 until early September 2003 when she was ordered by a judge to give him keys. Further, Orth admits to throwing out some of Moran's property. Moreover, Orth ultimately commenced a third nonpayment proceeding against Moran, which, like the petitions in the two prior proceedings, sought more rent than that to which she was entitled, and Orth never secured a warrant of eviction, although she stated at trial that she had done so. Under these circumstances, an award of treble damages was appropriate (*see O'Hara v Bishop,* 256 AD2d 983 [1998]).

However, the trial court providently exercised its discretion in finding that punitive damages were unwarranted. "[P]unitive damages are only available in the extreme case where the defendant has been shown to have been motivated by actual malice or to have acted in such a reckless, wanton or criminal manner so as to indicate a conscious disregard of the rights of others" (*Lyke v Anderson, supra* at 31). Here, Orth's conduct, although unlawful, was not egregious or morally culpable enough to warrant punitive damages in this case. The rejection of a claim for punitive damages does not preclude an award of treble damages (*see Lyke v Anderson, supra* at 30), as the two remedies are "not equal nor duplicative" and because punitive damages generally require "more egregious conduct involving malice" (*Lyke v Anderson, supra* at 30-31).

We are unpersuaded that the jury's damages verdict was against the weight of the evidence. "The assessment of damages is principally a factual determination to be made by the jury, and is accorded great deference unless it deviates materially from what would be considered reasonable compensation" (*Johnson v Grant,* 3 AD3d 720, 722 [2004]). Here, the jury considered the testimony, credibility of the witnesses, and evidence, including reports of the Oceanside Sanitation Department, which described the property removed from the premises, and the jury awarded Moran reasonable compensation for his lost property (*see Johnson v Grant, supra*).

Further, Moran failed to preserve his contention that the

cause of action alleging conversion should have been presented separately from the wrongful eviction cause of action (see *Arbegast v Board of Educ. of S. New Berlin Cent. School,* 65 NY2d 161, 164 [1985]). In any event, his claim is without merit. As the trial court found, any damages for conversion were subsumed in the action pleaded and the damages sought for wrongful eviction. Therefore, the charge as a whole "convey[ed] the correct rule of law" (4 Weinstein-Korn-Miller, NY Civ Prac ¶ 2002.03). Spolzino, J.P., Florio, Lifson and Covello, JJ., concur.