■ ERIC HOOD, Respondent-Appellant, v PETER KOZIEJ et al., Appellants-Respondents. [37 NYS3d 68]—

Judgment, Supreme Court, New York County (Joan M. Kenney, J.), entered February 26, 2015, awarding plaintiff the total sum of $53,534.98, and bringing up for review an order, same court and Justice, entered July 15, 2014, which, inter alia, denied defendants' motion for summary judgment dismissing the complaint, and granted plaintiff's cross motion for partial summary judgment as to liability, and an order, same court and Justice, entered on or about February 20, 2015, which confirmed the recommendation of the Judicial Hearing Officer, dated December 22, 2014, and awarded plaintiff damages of $6,700, plus interest, and attorneys' fees of $44,714, denied plaintiff's motion for supplemental attorneys' fees and treble damages, and denied defendants' cross motion to vacate the grant of partial summary judgment to plaintiff, unanimously modified, on the law and the facts, to award plaintiff attorneys' fees and expenses of $32,870.55 for the period subsequent to

December 10, 2014, and to grant plaintiff treble damages on the sum of $6,700 only, and otherwise affirmed, without costs. Defendants' appeals from aforementioned orders unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Plaintiff's appeal from the order entered February 20, 2015 deemed an appeal from the judgment.

The court properly concluded that there was personal jurisdiction over defendants based on the process server's affidavits and defendant Robert Koziej's admission that multiple sets of pleadings were affixed to different locations in defendants' building and place of business. Robert Koziej's affidavit was conclusory and insufficient to overcome the presumption raised by the other evidence (see *Grinshpun v Borokhovich*, 100 AD3d 551, 552 [1st Dept 2012], *lv denied* 21 NY3d 857 [2013]).

The court correctly denied defendants' motion to vacate the court's order granting plaintiff partial summary judgment on liability based on defendants' failure to contest the merits of plaintiff's claims, including his request for attorneys' fees. Although not technically a default because defendant appeared in opposition to plaintiff's cross motion, they failed to demonstrate a reasonable excuse or a meritorious defense, and failed to explain why it took more than six months to seek this relief (*see Benson Park Assoc., LLC v Herman*, 73 AD3d 464, 465 [1st Dept 2010]).

However, plaintiff is entitled to an award of supplemental attorneys' fees and expenses for the period subsequent to December 10, 2014, pursuant to Real Property Law § 234, in that the proceedings after that date were necessary for plaintiff to obtain complete relief, and, in any event, defendants never contested the amount of the fees and expenses or the reasonableness of counsel's hourly rate. In fact, defendants only argue that the award of attorneys' fees and expenses under Real Property Law § 234 was improper because the lease and lease extension were not signed by them. However, it is not disputed that plaintiff, as the party to be charged, signed the lease and lease extension, and defendants accepted payment from plaintiff and provided him with the keys to the premises. By so doing, defendants ratified the lease and lease extension, and thus cannot avoid their obligations now, including their reciprocal obligation for attorneys' fees under Real Property Law § 234, simply because they never delivered a signed copy of the leases to plaintiff (*see One Ten W. Fortieth Assoc. v Isabel Ardee, Inc.*, 124 AD3d 500 [1st Dept 2015]).

As to whether plaintiff is entitled to treble damages under Real Property Actions and Proceedings Law § 853, the statute

provides: "If a person is disseized, ejected, or put out of real property in a forcible or unlawful manner, or, after he has been put out, is held and kept out by force or by putting him in fear of personal violence or by unlawful means, he is entitled to recover treble damages in an action therefor against the wrong-doer." "RPAPL § 853 and its predecessor . . . were enacted to discourage undue intimidation and violence in the ejection of persons from real property by providing for treble damages under certain circumstances" (Rudolph de Winter and Larry M. Loeb, Practice Commentaries, McKinney's Cons Laws of NY, Book 49½, RPAPL 853). The statute was amended in 1981 to include the references to "unlawful manner" and "unlawful means" (see *Lyke v Anderson*, 147 AD2d 18, 24 [2d Dept 1989]; see also *Mannion v Bayfield Dev. Co.*, 134 Misc 2d 1060 [Sup Ct, NY County 1987]) and was "intended to remedy such actions as 'removing the tenant's possessions while he or she is out, or by . . . changing the door lock—actions beyond the narrow legal definition of force' " (*Mayes v UVI Holdings*, 280 AD2d 153, 160 [1st Dept 2001], quoting 1981 NY Legis Ann at 256).

In *Mayes*, this Court, without ultimately reaching the issue, acknowledged that "[t]he [1981] amendment to the statute has resulted in some variation in the criteria applied in assessing treble damages against a wrongdoer" (280 AD2d at 160). Since 1981, courts have framed the issue as whether, under RPAPL 853, an award of treble damages is discretionary or mandatory in cases where the record establishes forcible or unlawful entry into real property. Although this Court has not decided the issue, the Appellate Division, Second Department, and the Supreme Court, New York County, have determined that the legislature intended to leave the question of whether treble damages should be awarded, pursuant to RPAPL 853, to the discretion of the court (*Lyke*, 147 AD2d at 28; *Mannion*, 134 Misc 2d at 1064).[1] In fact, plaintiff here does not advocate that he is automatically entitled to recovery under RPAPL 853, simply because he prevailed on his wrongful eviction claim, but rather takes the position that the decision to award treble damages is a matter left to the Court's discretion. Therefore, the issue of whether the statute mandates treble damages is not specifically before us and we need not reach it.[2] In any

1. As this Court observed in *Mayes*, the Second Department's reasoning in *Lyke* is at least in part based on the concept that there could be scenarios where an unlawful eviction was unintentional, in which case treble damages would not be appropriate.

2. We note that the trial court summarily denied plaintiff's request for treble damages without any reasoning or discussion.

event, plaintiff should prevail here under either interpretation of the statute.

Plaintiff cites to this Court's decision in *Rocke v 1041 Bushwick Ave. Assoc.* (169 AD2d 525 [1st Dept 1991]), affirming the trial court's award of treble damages pursuant to RPAPL 853 where the record showed that while the plaintiff was out of her apartment, the building superintendent moved her belongings to the basement and changed her apartment door lock. The record there also contained evidence sufficient to allow a jury to conclude that the building superintendent did this on instructions from the building's manager, who was a friend of the plaintiff's ex-husband, with whom the plaintiff had recently had an argument. Here, defendants did not dispute plaintiff's allegations that after executing a lease extension, which defendants wanted to rescind, he returned home and found defendants in the process of changing the dead bolt lock on his front door, despite the fact that they had not commenced legal proceedings to evict him and did not have permission to enter the apartment. Plaintiff also alleged, and provided an affidavit supporting his claim, that all of his personal effects, clothing, valuable jewelry, electronics and other possessions were removed from the apartment, and his demands for the location and return of his property were refused by defendants for at least a month.

Defendants do not oppose plaintiff's request for treble damages on the merits. Instead, defendants argue that it is premature to reach the issue because there are conflicting facts and a trial is needed. Since we have already found, *infra*, that plaintiff was properly awarded summary judgment on liability and there has been a hearing on actual damages, the record is sufficiently developed to determine treble damages (*cf. Mayes*, 280 AD2d at 161 [declining to reach the issue of treble damages where "no damages have been assessed, and the propriety of the imposition of treble damages against any defendant remains to be evaluated upon a full record after trial"]). Accordingly, under the circumstances presented here, we find that the trial court's denial of treble damages under RPAPL 853 was improvident and plaintiff is entitled to treble damages on his damages award of $6,700 (*Rocke*, 169 AD2d at 525; *see also Clinkscale v Sampson*, 48 AD3d 730, 731 [2d Dept 2008]; *Moran v Orth*, 36 AD3d 771, 773 [2d Dept 2007]). Concur—Tom, J.P., Friedman, Saxe and Kapnick, JJ.