Taffet v Vega (2022 NY Slip Op 50285(U))

[*1]

Taffet v Vega

2022 NY Slip Op 50285(U) [74 Misc 3d 135(A)]

Decided on March 10, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 10, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, HELEN VOUTSINAS,
JJ

2021-5 N C

Jordan Taffet, Appellant,
against
Cecilia Vega, Cecilia Vega, Inc. and 49 Surf Road, Inc., Respondents.

Jordan Taffet, appellant pro se.
Rosenberg, Calica & Birney LLP (Henry J. Cernitz of counsel), for respondents.

Appeal from an order of the District Court of Nassau County, First District (James M. Darcy,
J.), entered November 16, 2020. The order denied plaintiff's motion for summary judgment and
for sanctions for spoliation of evidence.

ORDERED that so much of the appeal as is from so much of the order as denied the branch
of plaintiff's motion seeking summary judgment on liability on his claim for conversion is
dismissed as academic (see Livny v Rotella, 305 AD2d 377 [2003]); and it is
further,
ORDERED that the order, insofar as reviewed, is modified by providing that the branch of
plaintiff's motion seeking summary judgment on liability for wrongful eviction is granted and by
vacating so much of the order as denied the branch of plaintiff's motion seeking sanctions for
spoliation of evidence, and the matter is remitted to the District Court for a hearing and a new
determination thereafter of the branch of plaintiff's motion seeking sanctions for spoliation of
evidence; as so modified, the order, insofar as reviewed, is affirmed, without costs. 
In May 2018, plaintiff rented a vacation house on Fire Island from defendant 49 Surf Road,
Inc. with the understanding that plaintiff would sublet the house for short stays. Defendant
Cecilia Vega, Inc. is a cleaning company hired by plaintiff to clean the house between stays by
sublessees. Defendant Cecilia Vega is an individual and the sole shareholder of both 49 Surf
Road, Inc. and Cecilia Vega, Inc. On August 10, 2018, after receiving complaints of noise and
disturbances caused by plaintiff's sublessees, Ms. Vega changed the locks to the house and called
[*2]plaintiff after the fact to inform him that she had done so.
Plaintiff subsequently commenced this action in Supreme Court, Nassau County, alleging, among
other things, that defendants had wrongfully evicted plaintiff and converted his personal property
that remained in the house at the time the locks were changed. By order dated November 29,
2018, the action was transferred to the District Court of Nassau County pursuant to CPLR 325
(d). 
Plaintiff subsequently moved for, among other things, partial summary judgment on liability
on the wrongful eviction and conversion causes of actions and for sanctions for spoliation of
evidence. In an order dated November 16, 2020, the District Court (James M. Darcy, J.) denied
plaintiff's motion in its entirety. In a subsequent order dated June 22, 2021, insofar as is relevant
to this appeal, the District Court granted the branch of defendants' motion seeking to dismiss
plaintiff's cause of action for conversion. Therefore, so much of this appeal as is from so much of
the November 16, 2020 order as denied the branch of plaintiff's motion for summary judgment
on his cause of action for conversion is dismissed as academic, as that cause of action has been
dismissed (see Livny v Rotella, 305 AD2d 377 [2003]). 
Contrary to defendants' argument, plaintiff's motion was not premature, as defendants did not
demonstrate that plaintiff's deposition was required in order to oppose the motion (see
CPLR 3212 [f]; Cajas-Romero v
Ward, 106 AD3d 850 [2013]; Vladenn Med. Supply Corp. v State Farm Mut. Auto. Ins. Co., 52 Misc
3d 129[A], 2016 NY Slip Op 50928[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2016]).
Ms. Vega testified in a deposition that she changed the locks to the house without notice, a
demand for rent, or court involvement after receiving complaints from neighbors about plaintiff's
sublessees, establishing plaintiff's prima facie entitlement to partial summary judgment on
liability for wrongful eviction (see RPAPL 853; Barash v Pennsylvania Term. Real
Estate Corp., 26 NY2d 77, 82 [1970]; Hood v Koziej, 140 AD3d 563, 565 [2016]). There is no merit to
defendants' argument that Ms. Vega's actions were proper because plaintiff was not in physical
occupancy of the premises when the locks were changed, as there was no allegation that plaintiff
did not have the legal right to occupy the house, and therefore plaintiff may still maintain a cause
of action for wrongful eviction (see Lyke v Anderson, 147 AD2d 18 [1989]). Defendants
failed to raise a triable issue of fact in opposition and, while the alleged noise and disturbances
plaintiff's sublessees were causing could be the basis for termination of the tenancy and a
holdover proceeding (see RPAPL 711 [2]), they are not a basis for an eviction without a
court order.
Finally, the District Court improperly denied the branch of plaintiff's motion seeking
sanctions for spoliation without a hearing. As there are factual issues regarding whether plaintiff
had an opportunity to inspect the personal property at issue before it was thrown away and as the
loss of personal property may still be relevant to plaintiff's remaining causes of action, including
wrongful eviction (see Suarez v Axelrod
Fingerhut & Dennis, 142 AD3d 819, 820 [2016]), the matter must be remitted to
the District Court for a new determination, following a hearing, of the branch of plaintiff's
motion seeking to impose sanctions against defendants for spoliation (see Pegasus Aviation I, Inc. v Varig
Logistica S.A., 26 NY3d 543 [2015]; Richter v BMW of N. Am., LLC, 166 AD3d 1029 [2018]; Saeed v City of New York, 156 AD3d
735 [2017]; Lentini v Weschler,
120 AD3d 1200 [2014]).
Plaintiff made no specific arguments in his initial brief as to why the remaining branches
[*3]of his motion should have been granted (see Mendoza v Akerman Senterfitt
LLP, 128 AD3d 480, 483 [2015]; Mehmet v Add2Net, Inc., 66 AD3d 437 [2009]). To the extent that
plaintiff raises such issues for the first time his reply brief, they are not entitled to consideration
(see Duane Morris LLP v Astor
Holdings Inc., 61 AD3d 418 [2009]). 
Accordingly, the order, insofar as reviewed, is modified by providing that the branch of
plaintiff's motion seeking summary judgment on liability for wrongful eviction is granted and by
vacating so much of the order as denied the branch of plaintiff's motion seeking sanctions for
spoliation of evidence, and the matter is remitted to the District Court for a hearing and a new
determination thereafter of the branch of plaintiff's motion seeking sanctions for spoliation of
evidence.
GARGUILO, P.J., DRISCOLL and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 10, 2022